NEW HORIZONS COMPUTER LEARNING CENTERS INC., fka New Horizons Franchising, Inc., Plaintiff—Appellee,

v.

Nayan K. BHATT; New Horizons/Raleigh Inc., Defendants—Appellants.

No. 01–56720.
D.C. No. CV–01–00622–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Aug. 28, 2002.

Before T.G. NELSON, PAEZ and TALLMAN, Circuit Judges.

MEMORANDUM *

Nayan K. Bhatt and New Horizons/Raleigh, Inc. (collectively "Bhatt") appeal the district court's decision confirming an arbitration award and denying vacatur. The district court had jurisdiction to review the decision of the arbitrator pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The arbitrator found that New Horizons Franchising, Inc. ("New Horizons"), lawfully terminated its franchise agreement with Bhatt based on Bhatt's unauthorized transfer of his interest in the franchise agreement. Bhatt argues that the award should be vacated because the arbitrator acted in "manifest disregard of the law" in failing to apply a contractual limitations provision that Bhatt contends barred New Horizons from terminating the franchise agreement.

"If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." *Employers Insur. of Wausau v. Nat'l Union Fire Insur. o.*, 933 F.2d 1481, 1486 (9th Cir.1991). The limitations provision of the franchise agreement between New Horizons and Bhatt states:

> Franchisor and Franchisee agree that no arbitration and no other form of proceeding permitted hereby will be maintained by any party to enforce any liability or obligation of the other party, whether arising from this Agreement or otherwise, unless brought before the expiration of the earlier of (i) one year after the date of discovery giving rise to such alleged liability or obligation or (ii) two years after the date of the first act or omission giving rise to such alleged liability or obligation, . . . .

There are a number of plausible interpretations of the above provision that would support the arbitrator's finding that New Horizons lawfully terminated its agreement with Bhatt.

The arbitrator could have found that termination of the franchise agreement was not subject to the contractual limitations provision because termination does not require arbitration or any other "form of proceeding" covered by the limitations provision. The arbitrator could also have concluded that New Horizons acted in accordance with the limitations provision in terminating the franchise agreement based on his finding that the transfer occurred within the limitations period. Because the arbitrator's finding that New Horizons lawfully terminated its franchise agreement with Bhatt could be based on either of these plausible interpretations of the agreement, we affirm the district court.

AFFIRMED.